NUMBERS 13-09-00029-CR


 13-09-00030-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


BRIAN ALEXANDER WRIGHT, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court 

of Aransas County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant, Brian Alexander Wright, appeals from the revocation of his community
supervision in trial court cause number A-05-5193-CR (appellate cause number 13-09-00030-CR). Appellant also appeals from the revocation of his community supervision in
trial court cause number A-06-5220-CR (appellate cause number 13-09-00029-CR). This
opinion consolidates the Court's analysis of both appeals. See Tex. R. App. P. 47.1.

 On June 8, 2006, in trial court cause number A-05-5193-CR, appellant was placed
on ten years' deferred adjudication for the offense of aggravated assault. See Tex. Penal
Code Ann. § 22.02 (Vernon Supp. 2008). After the State filed its first motion to revoke in
September 2006, appellant was continued on community supervision. On November 5,
2008, the State filed a second motion to revoke, and on December 11, 2008, it filed an
amended motion. In its amended motion, the State alleged the following violations of the
terms and conditions of appellant's community supervision: (1) curfew violation; (2) use
of a controlled substance; (3) failure to report; (4) failure to submit to random urinalysis; (4)
failure to pay restitution; and (5) failure to pay court costs and fines.

 On November 20, 2006, in trial court cause number A-06-5220-CR, without a plea
bargain, appellant entered a plea of no contest to possession of methamphetamine with
intent to deliver, a first degree felony. See Tex. Health and Safety Code Ann. § 481.112
(Vernon 2003). The trial court sentenced appellant to ten years' confinement in the
Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ), probated for
ten years. The court imposed a fine of $750.00 and court costs. On November 5, 2008,
the State filed a motion to revoke appellant's community supervision, and on December
11, 2008, it filed an amended motion alleging the following violations: (1) use of a
controlled substance; (2) failure to report; (3) curfew violations; (4) failure to complete out-patient treatment; (5) failure to submit to urinalysis testing; and (6) failure to attend "AA"
meetings.

 At an evidentiary hearing on both motions to revoke, appellant pleaded true to all
allegations identified above. (1) Exhibits admitted in each case included appellant's
stipulation that he was the person who was tried for the specific crime and placed on
community supervision and appellant's stipulation and judicial confession that he pleaded
true to the violations. Each document was signed by appellant and approved by the trial
court and counsel for the State and for appellant.

 In trial court cause number A-05-5193-CR, the trial court revoked appellant's
community supervision, adjudicated appellant guilty, and sentenced him to ten years'
confinement in the ID-TDCJ. In trial court cause number A-06-5220-CR, the trial court
revoked appellant's supervision and sentenced him to ten years' confinement in the ID-TDCJ. The court ordered the sentences to run concurrently. The trial court also assessed
costs and fines. Appellant appeals from each judgment.

 Concluding that each "appeal is frivolous and without merit," appellant's counsel
filed briefs in which he reviewed the merits, or lack thereof, of each appeal. We affirm the
judgments of the trial court.

I. Compliance with Anders v. California

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), appellant's
court-appointed appellate counsel has filed briefs with this Court, stating that "[t]here are
no meritorious points of error to present." Counsel's briefs discuss the relevant portions
of the records. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In
Texas, an Anders brief need not specifically advance 'arguable' points of error if counsel
finds none, but it must provide record references to the facts and procedural history and
set out pertinent legal authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex.
App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex.
Crim. App. 1991). Including record references to the facts and setting out pertinent legal
authorities, appellant's counsel has discussed why, under controlling authority, there are
no errors in the trial court's judgments. See High v. State, 573 S.W.2d 807, 813 (Tex.
Crim. App. [Panel Op.] 1978).

 After searching the records and researching the applicable law, counsel has found
no reversible error reflected by the records and has forwarded copies of the briefs and
requests to withdraw as counsel to appellant. Counsel also informed appellant of his right
to review the record and to file a pro se response in each appeal. (2) See Anders, 386 U.S.
at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23. 
More than an adequate period of time has passed, and appellant has not filed a pro se
response in either appeal. See In re Schulman, 252 S.W.3d at 409.II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief in each appeal and
have found nothing that would arguably support an appeal. See Bledsoe v. State, 178
S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by
indicating in the opinion that it considered the issues raised in the briefs and reviewed the
record for reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we
affirm the judgment in trial court cause number A-05-5193-CR (appellate cause number
13-09-00030-CR) and the judgment in trial court cause number A-06-5220-CR (appellate
cause number 13-09-00029-CR).

III. Motion to Withdraw In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion
to withdraw filed in appellate cause number 13-09-00030-CR that was carried with the case
on April 16, 2009. We also grant counsel's motion to withdraw filed in appellate cause
number 13-09-00029-CR that was carried with the case on April 23, 2009. Within five
days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion
and the judgment in each case to appellant and to advise appellant of his right to file 
petitions for discretionary review. (3) See Tex. R. App. P. 48.4; see also In re Schulman, 252
S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 9th day of July, 2009.
1. In each case, the State also alleged that appellant received and possessed a firearm. However,
appellant pleaded not true to those allegations, and they were abandoned by the State.
2. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
3. No substitute counsel will be appointed. Should appellant wish to seek further review of these cases
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review in each case. Any petition for discretionary review must
be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was
overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this
Court, after which it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. 
Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 68.4.